21-1557-pr
Paschal-Barros v. Doe

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand twenty-two.

PRESENT: REENA RAGGI,
RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

KYLE LAMAR PASCHAL-BARROS,

*Plaintiff-Appellant*,

v.                                                   No. 21-1557-pr

CHRISTINE DOE,

*Defendant-Appellee*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: Kyle L. Paschal-Barros, *pro se*, Suffield, CT

FOR DEFENDANT-APPELLEE: Zenobia G. Graham-Days, Assistant Attorney General, Clare Kindall, Solicitor General, *for* William Tong, Attorney General of Connecticut, Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Kyle Lamar Paschal-Barros, proceeding pro se, appeals from the June 1, 2021 judgment of the United States District Court for the District of Connecticut (Bryant, J.) dismissing his 42 U.S.C. § 1983 claim alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Paschal-Barros, who is currently incarcerated, has a history of asthma. On

September 25, 2018, he refused to comply with orders from correctional staff to remove a covering he had placed in the window of his prison cell. In response, the staff sought to deploy a chemical agent against him. Before deploying the agent, the staff consulted Nurse Doe to determine if its use was contraindicated in Paschal-Barros's health records. Nurse Doe contacted the facility's medical department, which reviewed Paschal-Barros's records and informed Nurse Doe that there were no contraindications to the use of a chemical agent. After Nurse Doe relayed this information to the staff, they deployed the chemical agent into Paschal-Barros's cell. Out of an abundance of caution, Nurse Doe contacted the facility's medical department again, confirmed that there were no contraindications, and ordered one dose of albuterol to ease any respiratory distress that Paschal-Barros might experience. Once Paschal-Barros was taken out of his cell, Nurse Doe administered the dose of albuterol as a precaution, flushed his eyes with an eye wash, and observed that he had no labored breathing or other symptoms of an asthma attack.

Paschal-Barros sued alleging that Nurse Doe was deliberately indifferent to his asthma condition. The District Court granted Nurse Doe's motion for

3

summary judgment and dismissed Paschal-Barros's claim.[1]

"Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Doninger v. Niehoff, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "To establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (cleaned up). A deliberate indifference claim has an objective and a subjective component: "First, the alleged deprivation must be, in objective terms, sufficiently serious. Second, the defendant must act with a sufficiently culpable state of mind." Id. (quotation marks omitted). The defendant must have been "actually aware of a substantial risk that serious inmate harm w[ould] result." Salahuddin v. Goord,

---

[1] Paschal-Barros initially filed a complaint against four nurses. The District Court severed the complaint, permitted the initial case to proceed against Nurses Balatka and Carabine, and ordered Paschal-Barros to file separate lawsuits against Nurses Doe and Gomez. Our Court previously affirmed the District Court's grant of summary judgment as to Nurses Balatka and Carabine, Paschal-Barros v. Balatka, No. 20-3150, 2021 WL 5268000 (2d Cir. Nov. 12, 2021), and the District Court's grant of summary judgment as to Nurse Gomez is pending on appeal, Paschal-Barros v. Gomez, No. 19-01607 (D. Conn. Apr. 27, 2021), appeal docketed, No. 21-1555 (2d Cir. June 25, 2021).

4

467 F.3d 263, 280 (2d Cir. 2006).

Paschal-Barros failed to establish the objective and subjective components of his deliberate indifference claim. The summary judgment record indicates that his asthma was under control and that he neither suffered an asthma attack on September 25, 2018 nor sought treatment for respiratory distress thereafter. As we have explained, "[b]ecause there was no evidence Paschal-Barros would have been at serious risk of death or harm from use of a chemical agent, [Nurse Doe] could not have been aware of or disregarded any such risk. Paschal-Barros'[s] claim of deliberate indifference to medical needs therefore fails." Paschal-Barros v. Balatka, No. 20-3150, 2021 WL 5268000, at *1 (2d Cir. Nov. 12, 2021). And in any event, Paschal-Barros fails to point to any record evidence that Nurse Doe acted with deliberate indifference. To the contrary, the evidence on summary judgment shows that she checked with the facility's medical department for contraindications before and after the chemical agent was deployed, administered a dose of albuterol, washed Paschal-Barros's eyes, and assessed him for injuries including respiratory distress.

Paschal-Barros also contends that the District Court should have construed

5

his complaint as raising a failure to protect claim.[2] To avoid summary judgment on an Eighth Amendment failure to protect claim, an inmate must adduce admissible evidence "(1) that [the inmate] is incarcerated under conditions posing a substantial risk of serious harm, and (2) that the prison official had a sufficiently culpable state of mind, which in prison-conditions cases is one of deliberate indifference to inmate health or safety." Morgan v. Dzurenda, 956 F.3d 84, 89 (2d Cir. 2020) (quotation marks omitted). For substantially the reasons stated above, this claim also fails on both prongs. The record indicates that Paschal-Barros's incarceration did not pose a serious risk of harm—the correctional staff deployed a chemical agent only after he refused to comply with their orders, his medical records did not list any contraindications, and Nurse Doe did not deliberately disregard concerns about his safety.

---

[2] Although Paschal-Barros did not plead this claim in his complaint, he raised it in his summary judgment opposition. See generally Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) ("[A] pro se litigant generally lacks both legal training and experiences and, accordingly, is likely to forfeit important rights through inadvertence if he is not afforded some degree of protection.").

We have considered Paschal-Barros's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court